IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE L. LEVICK | : | CIVIL ACTION |
| 8907 REVERE STREET | : | |
| PHILADELPHIA, PENNSYLVANIA 19152 | : | |
| V. | : | |
| CULINARY ACADEMY OF LONG ISLAND, INC. | : | |
| a/k/a and d/b/a STAR CAREER ACADEMY | : | NO. |
| CENTENNIAL CENTER, SUITE 101A | : | |
| 175 CROSS KEYS ROAD | : | |
| BERLIN, NEW JERSEY 08009 | : | JURY TRIAL DEMANDED |

# COMPLAINT

1.     Plaintiff, Joyce Levick, is an adult citizen of the United States residing in Philadelphia, Pennsylvania.

2.     Defendant Culinary Academy of Long Island, Inc. a/k/a and d/b/a Star Career Academy is and at all times mentioned herein were, entities or corporations qualified to do business and actually doing business in the State of Pennsylvania and the City of Philadelphia, with a place of business at 2731 Welsh Road, Philadelphia, Pennsylvania and with a corporate address at Centennial Center, Suite 101A, 175 Cross Keys Road, Berlin, NJ 08009 (hereinafter collectively referred to as Defendant).

3.     Defendant is an employer within the meaning of the Age Discrimination in Employment Act of 1967 (ADEA) 29 USC §621 et seq and as amended by the Civil Rights of 1991, 42 USC §1981 A et seq and The Americans with Disabilities Act of 1990 (ADA) 42 USCA §12201 et seq.

4.     This is a suit authorized and instituted pursuant to the above Acts and, since this charge of discrimination was considered to be a dual filing, Pennsylvania Human Relations Act, 43 P.S. 951 et seq. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. §262c as

amended by the Civil Rights Act of 1991, 42 USC 1981 A et seq, 29 USC §§621 and 623, 42 USC A §12201 et seq and other relevant sections as applicable, 28 U.S.C. §1343(4), and 28 U.S.C. §§2201 and 2202 and other relevant statutes as applicable. The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by the aforesaid Acts, providing for injunctive and other relief against age and disability discrimination providing for the equal rights of all persons in every state and territory within the jurisdiction of the United States.

4a.  Plaintiff filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission and filed dually with the Pennsylvania Human Relations Commission.

4b.   Plaintiff received a notice of right to sue within 90 days from the United States Equal Employment Opportunity Commission dated June 3, 2013.

5.  This proceeding is for a declaratory judgment of the Plaintiff's rights and for a permanent injunction, restraining the Defendant from maintaining a policy, practice, custom or usage of discriminating against Plaintiff because of age and disability with respect to compensation, terms, conditions and privileges of employment and in ways which deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of race. This Complaint also seeks restitution to Plaintiff of all rights, privileges, benefits and income that would have been received by her but for Defendant's unlawful and discriminatory practices. This Complaint further seeks compensatory and punitive damages for Plaintiff.

6. At all relevant times hereto, Plaintiff was more than 60 years of age and because of some medical and health issues, had a handicap or disability as defined by the aforesaid Acts.

7. Plaintiff was employed by Defendant from October, 2009 through December, 2011. During part of the period of Plaintiff's employment, Plaintiff had been the subject of discriminatory treatment and disparate treatment including but not limited to the following: she was denied comparable pay and promotions with commensurate raises; she was the subject of excessive supervision, humiliation and harassment. Plaintiff further believes that she was retaliated against for asserting her rights. Plaintiff was discharged on a pretext or Defendant wrongfully discharged or laid-off Plaintiff. Plaintiff was insulted and belittled.

8. In September, 2011, Plaintiff was considering surgery for my medical condition and discussed that with her supervisor who made comments such as "You are 62 years old, why are you talking to 21 year olds…" and "you are the oldest one who works here." Plaintiff was targeted to perform duties that other representatives were not asked to do that exacerbated her medical condition. Plaintiff complained to the corporate office about her treatment from her superiors, but was ignored.

9. Plaintiff was the subject of fraudulent discipline, which became part of her pretextual termination.

10. Plaintiff returned from medical leave in early October, 2011, with no medical restrictions. Her supervisor made snide comments about her recovery such as "you should be healed by now" and "you are just dramatizing things." Later, Plaintiff was forced to use a crutch and her superior made comments such as "what are we regressing now?"

11. In December, 2011, Plaintiff was terminated on a pretext.

12. Defendant refused to provide a reasonable accommodation to the Plaintiff.

13. Defendant terminated the Plaintiff because of her disability and/or age.

14. As a result of the Defendants' intentional conduct, Plaintiff has suffered serious economic losses as well as pain and suffering.

15. At all relevant times herein, Defendant acted through its agents, workers, servants, and employees.

16. In doing the acts herein alleged, Defendant acted with oppression, fraud and malice and Plaintiff is entitled to punitive damages.

17. Plaintiff is entitled to damages for humiliation and mental anguish and pain and suffering.

18. Plaintiff was awarded unemployment compensation benefits.

*WHEREFORE*, Plaintiff respectfully prays this Court to:

a. Issue a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with them, from engaging in each of the unlawful practices set forth in this complaint, and from continuing other practices shown to be in violation of law;
b. Grant such other and further relief as may be just and proper, including hiring, reinstatement, promotion, back pay, front pay and damages to the Plaintiff;
c. Award Plaintiff her costs in this action and reasonable attorney's fees;
d. Award compensatory damages to Plaintiff;
e. Award punitive damages to Plaintiff.

Respectfully submitted,

*Signature Code: 4963   /S/*

**HARRY J. SHER, ESQUIRE**
**ATTORNEY FOR PLAINTIFF**
1601 MARKET STREET, STE. 2300
PHILADELPHIA, PA 19103
215.985.1003; 215.569.0809-FAX
HJSHERLAWFIRM@GMAIL.COM
ATTORNEY ID. NO.:  17762